IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> WIDEOPENWEST, INC., <br><br> Defendant. | CIVIL ACTION NO. 1:25-cv-00327-RMR-SBP <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

# [PROPOSED] SCHEDULING ORDER

**1.   DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

   **AND *PRO SE* PARTIES**

The Telephonic Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) is set for May 27, at 10:00 a.m. in Courtroom A-502 before Magistrate Judge Susan Prose. The parties are represented by the following counsel:

**Attorneys for Plaintiff Cedar Lane Technologies Inc.:**

Isaac Rabicoff

Rabicoff Law LLC

4311 N Ravenswood Ave Suite 315

Chicago, IL 60613

7736694590

isaac@rabilaw.com

**Attorneys for Defendant WideOpenWest, Inc.**

Richard L. Brophy

Armstrong Teasdale LLP

1

7700 Forsyth Blvd., Suite 1800

St. Louis, MO 63105

Tel: (314) 621-5070

rbrophy@atllp.com

### 2. STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. The jurisdiction of this Court over the subject matter of this action is proper under 28 U.S.C. §§ 1331 and 1338(a).

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff(s):

This is a patent infringement case in which Plaintiff Cedar Lane Technologies Inc. ("Plaintiff") alleges that Defendant WideOpenWest, Inc. ("Defendant") infringe United States Patent No. 6,629,077 ("the '077 patent"), entitled "Pseudo-synchronous force-voltage converter and its controller."

b.   Defendant(s):

Defendant WideOpenWest, Inc. ("WOW") is not liable for the alleged acts of patent infringement. WOW has not infringed, directly, indirectly, or willfully, any valid and enforceable claim of the patent in suit, literally or under the doctrine of equivalents.

### 4. UNDISPUTED FACTS The following facts are undisputed:

1. There is no dispute regarding the parties' corporate structures, addresses, and registered agents.

2. There is no dispute that this Court has jurisdiction over the subject matter of this action.

3. There is no dispute that venue is proper in this judicial district. WOW denies that it has infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the patent in suit.

## 5.    COMPUTATION OF DAMAGES

Plaintiff seeks:

1. An accounting of all damages not presented at trial;

2. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement at least with respect to the '077 Patent.

3. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

- that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

- that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

- that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Defendant denies that Plaintiff is entitled to any form of relief. Defendant seeks its

3

reasonable attorneys' fees, costs, and expenses in connection with this action to the extent permitted under 35 U.S.C. §§ 284 and/or 285 or otherwise permitted by law. Defendant also seeks other and further relief to WOW as the Court may deem just and proper under the circumstances.

**6.     REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a.     Date of Rule 26(f) meeting: May 19, 2025.

b.     Names of each participant and party he/she represented. Plaintiff was represented by Isaac Rabicoff. Defendant was represented by Richard Brophy and Sydney Johnson.

c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made. June 2, 2025.

d.     Statement concerning any agreements to conduct informal discovery: The parties have not reached any agreements to conduct informal discovery at this time.

e.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The parties have agreed to forego preparing privilege logs for documents created after the complaint was filed.

f.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties have agreed to meet and confer early in this case to explore a plan

for limiting, or making more efficient, discovery of electronically-stored information. The parties have included in their proposed schedule a deadline for proposing an ESI order to the Court.

g.      Statement summarizing the parties' discussions regarding the possibilities

　　　　for promptly settling or resolving the case.

　　　　The parties have discussed settlement and will continue to explore opportunities for promptly settling or resolving the case.

### 7.     CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.  Dkt. No. 19.

### 8.     CASE PLAN AND SCHEDULE

a.      Deadline to join parties.  August 27, 2025.

**Infringement Contentions**

b.      Deadline to serve Infringement Contentions, Claim Chart(s), and produce

　　　　accompanying documents: August 27, 2025.

c.      Deadline to serve Response to Infringement Contentions and produce

　　　　accompanying documents:  October 8, 2025.

**Invalidity Contentions**

d.      Deadline to serve Invalidity Contentions and Claim Chart(s) and produce

　　　　accompanying items of prior art:  October 22, 2025

e.      Deadline to serve Response to Invalidity Contentions and Claim Chart(s) and

　　　　produce accompanying documents:  December 3, 2025

**Opinion of Counsel**

f.      Deadline to make opinion(s) of counsel available for inspection and copying: sixty (60) days before the close of discovery

**Claim Construction**

g.      Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to ten (10) of the most critical terms to be construed: December 31, 2025

h.      Deadline to file Joint Disputed Claim Terms Chart: January 28, 2026

i.      Proposed month for technology tutorial with District Judge and Magistrate Judge (optional): February 2026

j.      Deadline to file opening Claim Construction brief and all supporting evidence: February 25, 2026

k.      Deadline to file Response to opening Claim Construction brief and all supporting evidence: March 18, 2026

l.      Deadline to file reply brief in support of opening Claim Construction brief: March 25, 2026

m.      Proposed month for claim construction hearing and estimated time necessary for the hearing. April 2026, 4-hour hearing

**Final Patent Disclosures**

n.      Deadline to file Final Infringement Contentions: sixty (60) days after order on claim construction

o.      Deadline to file Final Invalidity Contentions: ~~ninety (90) days after order on claim construction~~ thirty (30) days after receiving Infringement Contentions.

6

**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

p.  Fact discovery deadline. one hundred and twenty (120) days after order on claim construction.

q.  Expert Witness Disclosure.

   1. The parties shall identify anticipated fields of expert testimony, if any. <span style="color:red">The parties anticipate designating experts on infringement, invalidity and damages, as well as rebuttal experts on those topics.</span>

   2. Limitations which the parties propose on the use or number of expert witnesses. <span style="color:red">Each side shall be limited to **3** retained expert witnesses, inclusive of rebuttal experts, absent leave of court.</span>

   3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before forty-five (45) days after the close of fact discovery. [*This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).*]

   4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ninety (90) days after the close of fact discovery. [*This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule*

>   26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

5. Expert Discovery Deadline: one hundred and twenty (120) days after the close of fact discovery.

6. Dispositive motions deadline: ~~sixty (60) days after the close of expert discovery~~ *[The parties shall file, contemporaneously with the completion of claim construction briefing, a "Joint Motion for Determination." which will serve as notice to the court that briefing has been completed.]* Pursuant to Judge Rodriguez's Standing Order Regarding Rule 56 Motions, no later than 10 days after the close of discovery, a party seeking to file a motion for summary judgment must email Judge Rodriguez's chambers, copying opposing counsel, to inform the Court of their intent to file such a motion.

## 9. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. Each side shall be limited to 25 interrogatories, including discrete subparts. The parties propose limiting the number of fact depositions to up to (5) individuals per side. This limit does not include third-party depositions. A deposition pursuant to Rule 30(b)(6) counts as one (1) fact deposition.

*[Any party who proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I) should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

8

b.	Limitations which any party proposes on the length of depositions.

Duration of Depositions. Unless otherwise agreed in advance, the daily limit of seven (7) hours shall apply to all depositions including any re-cross of a witness following redirect examination. To the extent not limited herein, discovery limitations are controlled by the Federal Rules of Civil Procedure and the Local Rules. Any party may later move to modify these limitations for good cause.

Location of Depositions. The parties will agree upon mutually acceptable deposition locations convenient for the witnesses, including the taking of any remote depositions.

c.	Limitations which any party proposes on the number of requests for production and/or requests for admission.

Request for Admission.  The parties agree to a maximum of twenty-five (25) requests for admission.  Prior to the close of fact discovery, a party may serve additional requests for admission after receiving consent of the other party.  The parties will not unreasonably withhold consent to an increase of the permitted number of requests for admission.

Request for Production.  The parties agree to a maximum of twenty-five (25) requests for production.  Prior to the close of fact discovery, a party may serve additional requests for production after receiving consent of the other party.  The parties will not unreasonably withhold consent to an increase of the permitted number of requests for production.

<span style="color:red">Interrogatories, requests for production and requests for admission shall be served no later than forty-five (45) days prior to the close of discovery.</span>

d.	Other Planning or Discovery Orders

1. Deadline for filing proposed protective order(s): (proposed protective order submitted on May 16, 2025). A stipulated protective order was entered on May 20, 2025.

2. Other issues: The parties will file a proposed ESI order by June 12, 2025.

### 10. DATES FOR FURTHER CONFERENCES

~~[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]~~

a. Status conferences will be held in this case at the following dates and times: None at this time. Future status conferences may be set at the request of the parties or the Court.

b. ~~A final pretrial conference will be held in this case on _____ at _____ o'clock _ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.~~ A final pretrial conference will be set by Judge Rodriguez after disposition of any dispositive motion. A Trial Preparation Conference and trial date(s) will be given to the parties at the Final Pretrial Conference. If no party seeks to file a summary judgment motion, the parties must jointly contact Judge Rodriguez's chambers to obtain dates for trial and a final pretrial/trial preparation conference.

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The parties have not identified any such issues at this time.

b. Anticipated length of trial and whether trial is to the court or jury.

10

    The parties propose five (5) days should be set aside for a jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. District Court, LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue Durango, CO 81301.

    The parties have not identified any such issues at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Case No. 1:25-cv-00327-RMR-SBP   Document 27   filed 05/27/25   USDC Colorado   pg 12 of 14

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 27th day of May, 2025.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| /s/ Isaac Rabicoff<br>*Isaac Rabicoff*<br>*Rabicoff Law LLC*<br>*4311 N Ravenswood Ave Suite 315*<br>*Chicago, IL 60613*<br>*7736694590*<br>*isaac@rabilaw.com*<br><br>Attorney for Plaintiff<br>Cedar Lane Technologies Inc. | */s/ Richard L. Brophy*<br>Richard L. Brophy<br>Armstrong Teasdale LLP<br>7700 Forsyth Blvd., Suite 1800<br>St. Louis, MO 63105<br>Tel: (314) 621-5070<br>rbrophy@atllp.com<br><br>Attorney for Defendant<br>WideOpenWest, Inc. |